INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, INTERNATIONAL UNION OF ELECTRONIC, ELECTRICAL, SALARIED MACHINE AND FURNITURE WORKERS, INDUSTRIAL UNION DEPARTMENT, AFL-CIO, AND UNITED STEELWORKERS OF AMERICA, PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 91–04–00249

(Dated October 21, 1992)

*Collier, Shannon, Rill & Scott* (*Paul D. Cullen* and *Stephen A. Jones*) for the plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Michael S. Kane*); and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (*Robert J. Heilferty*), of counsel, for the defendant.
*Willkie Farr & Gallagher* (*William H. Barringer, James P. Durling* and *Daniel L. Porter*) for intervenor-defendant Matsushita Electric Industrial Co. Ltd.
*McDermott, Will & Emery* (*Carl W. Schwarz* and *David J. Levine*) for intervenor-defendant Hitachi, Ltd.
*Baker & McKenzie* (*Thomas P. Ondeck* and *Kevin O'Brien*) for intervenor-defendants Mitsubishi Electric Corporation, Mitsubishi Electronics America, Inc. and Mitsubishi Electronics Industries Canada Inc.
*Sharretts, Paley, Carter & Blauvelt, P.C.* (*Gail T. Cumins* and *Ned H. Marshak*) for intervenor-defendant Sanyo Manufacturing Corporation.
*Wilmer, Cutler, & Pickering* (*Leonard Shambon* and *Rebecca Arbogast*) for intervenor-defendants Sony Corporation and Sony Corporation of America.

## MEMORANDUM AND ORDER

AQUILINO, *Judge:* The plaintiffs have interposed a motion pursuant to CIT Rule 59(e) to alter or amend this court's judgment entered in accordance with Slip Op. 92–132, 16 CIT 698, 797 F. Supp. 1012 (Aug. 14, 1992), familiarity with which is presumed. In that opinion the court concluded, based on the law and the record, that the final determination of the International Trade Administration, U.S. Department of Commerce ("ITA") not to make color picture tubes integrated into color televisions in Mexico before importation into the United States subject to 1988 orders governing dumping of such tubes from Canada, Japan, the

Republic of Korea and Singapore had to be affirmed and the action dismissed. Plaintiffs' instant papers allege that it is

> clear from this * * * opinion * * *, from admissions made by [defendant's] counsel at oral argument and from the CAFC's opinion in *Mitsubishi Elec. Corp. v. United States,* 898 F.2d 1577 (Fed.Cir. 1990), that the [ITA]'s broad discretion to prevent circumvention and diversion of antidumping matters was not circumscribed by the 1988 Act. Thus, it is now necessary to remand this matter for redetermination based upon a correct interpretation of the ITA's broad discretion to act in such matters.[1]

If this is the gravamen of the motion, it does not warrant remand for redetermination by the ITA of its own authority in these proceedings. Indeed, any uncertainty which may have existed has dissipated. *See, e.g.,* Defendant's Memorandum in Opposition to Plaintiffs' Motion to Alter or Amend the Judgment, pp. 2–3.

Nonetheless, the plaintiffs pretend that, "[o]nce the ITA is disabused of the notion that its discretion in these matters was somehow limited by the 1988 Act, it is entirely possible, indeed likely, * * * it will issue an affirmative determination" and this court "may not assume to the contrary." Motion to Alter or Amend the Judgment, p. 6. They cite *NLRB v. Pipefitters,* 429 U.S. 507 (1977), *and Florida Dep't of Labor v. U.S. Dep't of Labor,* 893 F.2d 1319 (11th Cir.), *cert. denied,* 111 S.Ct. 49 (1990), for the proposition that, when an agency makes a determination based on an incorrect view of the law, the duty of a court on appeal is to set the agency straight and remand for redetermination consistent with the proper interpretation of the law.

Those cases reflect appropriate procedure[2], but they do not lend any support to plaintiffs' substantive position that *Mitsubishi Electric Corp. v. United States,* 898 F.2d 1577 (Fed. Cir. 1990), ordains the relief for which they pray. Clearly, the ITA did not and does not agree, and this court was unable to reach a contrary conclusion in Slip Op. 92–132. The same is true upon reconsideration now. Hence, plaintiffs' motion to alter or amend the final judgment of August 14, 1992 must be, and it hereby is, denied.

---

[1] Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Alter or Amend the Judgment, p. 2. The statute referred to is the Omnibus Trade and Competitiveness Act of 1988, in particular section 781(b), 19 U.S.C. § 1677j(b).

[2] *Cf. Borlem S.A.—Empreedimentos Industriais v. United States,* 13 CIT 535, 718 F. Supp. 41 (1989), *aff'd,* 913 F.2d 933 (Fed. Cir. 1990).